UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
TERRY BACHOON,

                                      Plaintiff,

  -against-

MWEZI PUGH,

                                      Defendant.
---------------------------------------------------------------------------X

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant files this notice of removal under 28 U.S.C. §1446(a).

### A. INTRODUCTION

1.     Plaintiff is Terry Bachoon; Defendant is Mwezi Pugh.

2.     On March 5, 2018, Plaintiff sued Defendant in the Supreme Court of the State of New York, County of Kings, Index Number 504496/2018 for personal injuries allegedly arising out of the reported motor vehicle incident of May 6, 2017, which is reported to have occurred in Kings County, New York.

3.     Defendant was served with the suit pursuant to NY CPLR §308(4) on April 14, 2018. Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b)(1).

### B. BASIS FOR REMOVAL

*Diversity of Citizenship*

4.     For the purposes of citizenship, a natural person is a citizen of the State in which he or she is domiciled. Williamson v. Osenton, 232 U.S. 619 (1914).

5.     There is only on defendant in this matter so there is no need to obtain any other defendant's consent for removal. 28 U.S.C. §1446(b)(2)(a).

6.  Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).

7.  Plaintiff is a citizen of New Jersey, residing in East Orange, New Jersey; Defendant is a citizen of New York, residing in Brooklyn, New York. Therefore, complete diversity of citizenship exists between the parties.

*Amount in Controversy*

8.  For removal based upon diversity of citizenship, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000.00. *See* United Food & Commercial Workers Union, Local 919 v. Centermark Prope1iies Meriden Square, 30 F.3d 298 (2d Cir. 1994); *see also* 28 U.S.C. § 1446(c)(2)(b).

9.  "The party asserting diversity of jurisdiction in federal court has the burden of establishing the existence of the jurisdiction amount in controversy." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269 (2d Cir. 1994) (*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 1 78 (1936).

10. Defendant is not required to prove the amount to a certainty, but "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291 (2d Cir. 2000)(citations omitted).

11. While Plaintiffs complaint does not demand a specific amount in controversy, 28 U.S.C. § 1446(c)(2)(a)(ii), the matter is likely to result in a judgment in excess of $75,000.00. 28 U.S.C. § 1446(c)(2)(b).

12. Here, Plaintiff, in his complaint, seeks damages in an "amount which exceeds the jurisdiction of all lower courts…"

13. As such, Defendant has established that there is a "reasonable probability" that the claim herein is in excess of $75,000.00.

14. A copy of all pleadings, process and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

15. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

16. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending as required by 28 U.S.C. § 1446(d).

### C. JURY DEMAND

17. Plaintiff did not demand a jury in the state-court suit. Defendant asserts its right to file a jury demand.

### D. CONCLUSION

18. It is respectfully submitted that Defendant has properly shown that there is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. For these reasons, Defendant asks the Court to remove the suit to the United States District Court, Eastern District of New York.

**WHEREFORE,** Defendant hereby removes this civil action to the United States District Court for the Eastern District of New York.

Respectfully submitted,
**BRUNO, GERBINO & SORIANO, LLP**

By: _____

Michael A. Callinan (MC7052)
445 Broad Hollow Road – Suite 220
Melville, New York 11747
(631) 390-0010
(631) 393-5497 - *facsimile*
mcallinan@bgslaw-ny.com
BG&S File No.: L75-3181

3

TO: Law Office of Sean H. Rooney
     26 Court Street
     Suite 1816
     Brooklyn, New York 11242
     (718) 243-2168